IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY,<br><br>**Appellant,**<br><br>**v.**<br><br>REDONDO CONSTRUCTION CORPORATION,<br><br>**Appellee.** | **CIVIL NOS.** 14-1365 (FAB)<br>14-1367<br>14-1368 |

**OPINION AND ORDER**

BESOSA, District Judge

Before the Court is appellant Puerto Rico Highway and Transportation Authority's ("PRHTA") appeal from a judgment issued by the United States Bankruptcy Court for the District of Puerto Rico ("Bankruptcy Court"). (Docket No. 1.)[1] For the reasons discussed below, the Court **AFFIRMS** the judgment of the Bankruptcy Court.

**BACKGROUND**

**I. Procedural History**

On March 19, 2002, appellee Redondo Construction Corporation ("RCC") filed a Chapter 11 petition for bankruptcy relief in the Bankruptcy Court. (Case No. 10-1371, Docket No. 15 at p. 7.) In

---

[1] Appellant appealed three adversary proceedings from the Bankruptcy Court to the District Court, and the appeals were docketed at case numbers 14-1365, 14-1367, and 14-1368. The appeals were consolidated and transferred to the docket of case number 14-1365 on May 12, 2014. (Docket Nos. 4 & 5.)

Civil Nos. 14-1365; 14-1367; 14-1368 (FAB)                                    2

the course of the bankruptcy proceedings, RCC filed three adversary complaints against the PRHTA seeking unpaid compensation for services performed under public works contracts.  (Docket Nos. 20 at p. 3; 21 at p. 5.)  The three claims were tried jointly on the merits before the Bankruptcy Court in 2007.  Redondo Constr. Corp. v. P.R. Highway & Transp. Auth. (In re Redondo Constr. Corp.) ("Redondo I"), 411 B.R. 89 (Bankr. D.P.R. 2009).  Following the filing of post-judgment motions by both parties, the Bankruptcy Court issued judgment in all three cases in favor of RCC on August 31, 2009.  Id.  In short, the Bankruptcy Court found the PRHTA liable and ordered it to pay nearly $12,000,000 in principal, plus prejudgment interest accrued at 6.5% annually and measured from the date of substantial completion of each project.  Id. at 113.

Following the PRHTA's first-tier appeal — and this Court's affirmance — of the Bankruptcy Court's judgments, the PRHTA sought review before the First Circuit Court of Appeals.  Redondo Constr. Corp. v. P.R. Highway & Transp. Auth. (In re Redondo Constr. Corp.), 678 F.3d 115 (1st Cir. 2012).  On May 11, 2012, the First Circuit affirmed the Bankruptcy Court's judgments in part, and remanded the case to this Court to resolve the calculation of extended overhead damages and the award of prejudgment interest.  Id. at 126.  The Court, in turn, remanded the case to the Bankruptcy Court to (1) recalculate the award for extended overhead

damages, (2) determine whether an award of prejudgment interest is appropriate, and (3) determine the basis, the applicable rate, and periods of accrual for such an award.  (Case no. 10-1371, Docket No. 67.)

On remand, the Bankruptcy Court addressed the issues identified by the First Circuit Court of Appeals.  In a January 13, 2014 order, the Bankruptcy Court recalculated the extended overhead damages as directed by the court of appeals, and held that an award of prejudgment interest was appropriate.  Redondo Constr. Corp. v. P.R. Highway & Transp. Auth.  (In re Redondo Constr. Corp.) ("Redondo II"), 505 B.R. 388 (Bankr. D.P.R. 2014).  Specifically, the court awarded RCC prejudgment interest at the rate of 6% per year pursuant to article 1061 of the Civil Code of Puerto Rico, 31 P.R. Laws Ann. tit. § 3025 ("article 1061"), with an accrual period beginning on the stipulated dates of substantial completion and ending upon the PRHTA's final payment of the principal for each project.  Id. at 401.  This appeal followed.

## II.  Factual Background

The combined three opinions written by the Bankruptcy Court and the First Circuit Court of Appeals in this case contain a comprehensive description of the factual background of these proceedings.  See In re Redondo Constr. Corp., 678 F.3d 115; Redondo II, 505 B.R. 388; Redondo I, 411 B.R. 89.  The Court thus declines to recount additional factual material here.

## DISCUSSION

### I. Bankruptcy Appeal Standard

The Court has jurisdiction over the PRHTA's appeal pursuant to 28 U.S.C. § 158(a)(1). On appeal, the Court reviews the Bankruptcy Court's conclusions of law *de novo* and findings of fact for clear error. See, e.g., Donarumo v. Furlong (In re Furlong), 660 F.3d 81, 86 (1st Cir. 2011); Calderon v. CitiMortgage, 437 B.R. 25, 27 (D.P.R. 2010) (Dominguez, J.) (citing Prebor v. Collins (In re I Don't Trust), 143 F.3d 1, 3 (1st Cir. 1998) and Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995)).

### II. Issues

Appellant PRHTA does not contest any of the Bankruptcy Court's factual findings, but rather claims three legal errors. The questions before the Court are: (1) whether RCC waived its right to prejudgment interest pursuant to article 1061, rendering erroneous the Bankruptcy Court's award of prejudgment interest; (2) whether the Bankruptcy Court erred in awarding prejudgment interest beginning on the date of substantial completion of the projects, as opposed to the date when the principal became due; and (3) whether the Bankruptcy Court erred in awarding prejudgment interest until the date of payment of the principal, rather than until the date judgment was entered. (Docket No. 20 at pp. 2-3.) The Court examines these claims of error *de novo*.

### A.  Waiver

Appellant PRHTA first argues that the Bankruptcy Court erred in awarding RCC prejudgment interest at the rate of 6% per year pursuant to article 1061 because RCC failed to raise that basis to that court timely and accordingly waived it.

On August 31, 2009, the Bankruptcy Court awarded RCC prejudgment interest at the rate of 6.5% per year, but did not articulate any basis for the award. Redondo I, 411 B.R. at 113.[2] RCC first offered article 1061 as a basis for the Bankruptcy Court's award of prejudgment interest in its October 1, 2009 reply to PRHTA's motion to amend or alter judgment pursuant to Federal Rule of Civil Procedure 59 ("Rule 59").[3]  (Docket No. 1-11 at pp. 340-41.)  The Bankruptcy Court affirmed its judgment on February 11, 2010, finding that PRHTA's motion contained new arguments regarding prejudgment interest that were not properly considered at the Rule 59 stage. Id. at pp. 343-56.  On January 13, 2014, the Bankruptcy Court, on remand, for the first time addressed article 1061 as a basis for its award, relying on RCC's Rule 59 reply memorandum to conclude that RCC had not waived

---

[2] A subsequent Bankruptcy Court opinion indicated that the prejudgment interest award derived from the provision of federal funds for the contracts.  (Docket No. 1-11 at p. 350.)

[3] The First Circuit Court of Appeals noted that RCC raised article 1061 as a basis for prejudgment interest for the first time at oral argument before that court. In re Redondo, 678 F.3d at 126.  A review of the record, however, reveals that RCC raised this basis in earlier pleadings submitted to the Bankruptcy Court.

Civil Nos. 14-1365; 14-1367; 14-1368 (FAB)                              6

its right to prejudgment interest.  Redondo II, 505 B.R. at 393. The Bankruptcy Court consequently held that prejudgment interest at the rate of 6% was appropriate pursuant to article 1061.  Id. at 401.  The PRHTA contests this holding as erroneous.

"A party waives a right [] if he intentionally relinquishes or abandons it; he forfeits a right by failing to assert it in a timely manner."  Davila v. Corporacion de P.R. para la Difusion Publica, 498 F.3d 9, 14 n.2 (1st Cir. 2007) (internal citations omitted).  See also United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1096 (1st Cir. 1992) ("[L]egal theories not squarely presented in the *nisi prius* court are deemed waived on appeal.")

Reviewing this legal conclusion *de novo*, the Court agrees with the Bankruptcy Court.  On appeal in this case, the First Circuit Court of Appeals noted that "[w]hile arguments presented for the first time in a Rule 59(e) motion ordinarily are deemed forfeited, . . . the grant or denial of prejudgment interest is an exception to this general rule."  In re Redondo, 678 F.3d at 122 (citing CMM Cable Rep, Inc. v. Ocean Coast Props., Inc., 97 F.3d 1504, 1526 (1st Cir. 1996)).  On multiple occasions, the First Circuit Court of Appeals has recognized that Rule 59(e) motions are an appropriate method for resolving prejudgment interest disputes. Id. (citing Bos. Gas Co. v. Century Indem. Co., 529 F.3d 8, 21 (1st Cir. 2008) and Crowe v. Bolduc, 365 F.3d 86, 92-93 (1st Cir.

Civil Nos. 14-1365; 14-1367; 14-1368 (FAB)                              7

2004)).  "This practice makes sense," the court of appeals noted, because otherwise "parties would be required to put the cart before the horse and argue about prejudgment interest before the underlying issues of liability and damages have been resolved." In re Redondo, 678 F.3d at 122.[4]  The underlying rationale of the Rule 59(e) exception, viewed in light of the First Circuit Court of Appeals' waiver and forfeiture doctrines, favors a finding that RCC preserved its right to prejudgment interest pursuant to article 1061 by (1) claiming its right to prejudgment interest[5] — albeit premised on a different legal ground — during the original Bankruptcy Court proceedings, and (2) raising the specific legal ground — article 1061 — before that court in its post-judgment Rule 59(e) filings.  Accordingly, the Court **AFFIRMS** the Bankruptcy

---

[4] The circumstances giving rise to this exception do not match those presented here, where the Bankruptcy Court had awarded interest prior to the parties' filing of Rule 59(e) motions. See Bos. Gas Co., 529 F.3d at 21 ("In federal practice, usually the jury is required to pass on all elements of damages; yet prejudgment interest is routinely added by the judge on motion to alter or amend the judgment under [Rule 59(e)]." (internal citations omitted)); Crowe, 365 F.3d at 93 n.5 (Rule 59(e) appropriate for challenging only "initial" award); Pogor v. Makita U.S.A., 135 F.3d 384, 388 (6th Cir. 1998) (Rule 60(a), and not Rule 59(e), applies "where the language of the judgment awards interest as required by law but leaves the actual calculations for later.") Because the parties did not previously litigate the specific legal grounds at issue here, however, the Court finds the exception to be applicable.

[5] The justifications for the Rule 59(e) exception to waiver apply with similar force to a reply to a Rule 59(e) motion.  The Court therefore applies the exception to RCC's Rule 59(e) reply memorandum.

Civil Nos. 14-1365; 14-1367; 14-1368 (FAB)                        8

Court's determination that RCC did not waive its right to prejudgment interest pursuant to article 1061.[6]

### B.   Beginning Date of Prejudgment Interest

PRHTA next argues that the Bankruptcy Court incorrectly assessed prejudgment interest beginning from the date of the projects' substantial completion, as opposed to assessment from the date the principal became due and payable pursuant to state law. (Docket No. 20 at p. 16.)

When state law claims are tried by a federal court, state law governs the determination of prejudgment interest. Freeman v. Package Machin. Co., 865 F.2d 1331, 1345 (1st Cir. 1988). Prejudgment interest in Puerto Rico derives from procedural or substantive grounds.  Procedural prejudgment interest may be imposed pursuant to Rule 44.3(b) of the Puerto Rico Rules of Civil Procedure ("Rule 44.3") in response to a party's obstinate conduct during litigation. Dopp v. Pritzker, 38 F.3d 1239, 1252 (1st Cir. 1994).  Article 1061 governs substantive prejudgment interest, which serves as an indemnity for damages. Rivera v. Crescioni, 77 D.P.R. 47 (1954).  RCC waived any claim to procedural prejudgment interest pursuant to Rule 44.3; it only claims prejudgment interest

---

[6] The Court further rejects appellant PRHTA's judicial estoppel argument because the position advanced by RCC — that prejudgment interest is appropriate pursuant to article 1061 — is not "directly inconsistent" with any previously articulated bases for prejudgment interest.  See Alt. Sys. Concepts, Inc. v. Synopsys, 374 F.3d 23, 33 (1st Cir. 2004).

Civil Nos. 14-1365; 14-1367; 14-1368 (FAB)                                9

on substantive grounds pursuant to article 1061.  (Docket No. 21 at p. 18.)

In Puerto Rico, contracting parties are free to adopt a particular rate of prejudgment interest.  P.R. Laws Ann. tit. 31 § 3372.  In the absence of such an agreement, "the only interest that the principal of a loan accrues, after maturity of the obligation, is the legal interest at the rate of 6% *per annum* counted from the date on which the debtor is in default." Piovanetti v. Vivaldi, 80 D.P.R. 108 (1957) (translation ours).[7]  "[Article 1061] provides that when the obligation consists in the payment of a sum of money, and the person incurs in default, the creditor is entitled to be indemnified for damages and losses suffered, which will consist in the payment of interest."  Matter of Bonilla Montalvo, 126 B.R. 8, 10 (Bankr. D.P.R. 1991).

The Puerto Rico Supreme Court has held that — pursuant to Puerto Rico's civil law doctrine — contractor parties to construction contracts are entitled to payment of the balance owed, minus any sums retained to correct deficiencies in the work, upon substantial completion of the work contracted for.  Master Concrete v. Comp. de Fomento Recreativo, 152 D.P.R. 616 (2000).  The legal

---

[7] "[L]os únicos intereses que devenga el capital del préstamo, después de la fecha de vencimiento de la obligación, son los intereses legales al tipo de 6% anual que se cuentan desde la fecha en que el deudor incurrió en mora."

Civil Nos. 14-1365; 14-1367; 14-1368 (FAB)                               10

effects of substantial completion are automatic, and not contingent upon the project owner's acceptance of the work.  Id.

   Because the record contains no evidence that the parties contracted to a particular rate or provision of prejudgment interest, see In re Redondo, 678 F.3d at 125, Puerto Rico's article 1061 governs, Bonilla Montalvo, 126 B.R. at 10. Accordingly, prejudgment interest at the rate of 6% per year is appropriately assessed on the principal amounts owed by the PRHTA to RCC.  Article 1061 provides:

> Should the obligation consist in the payment of a sum of money, and the debtor should be in default, the indemnity for losses and damages, should there not be a stipulation to the contrary, shall consist in the payment of the interest agreed upon, and should there be no agreement, in that of the legal interest. Until another rate is fixed by the Government, interest at the rate of six percent (6%) per annum shall be considered as legal.

P.R. Laws Ann. tit 31 § 3025.  Article 1053 of the Puerto Rico Civil Code states, "Persons obliged to deliver or to do something are in default from the moment when the creditor demands the fulfilment of their obligation, judicially or extra-judicially." P.R. Laws Ann. tit. 31 § 3017.  The creditor's demand is unnecessary to trigger default, however, "if the obligation or law declares it expressly" or "if by reason of its nature and circumstances it may appear that the fixing of the period within which the thing was to be delivered or the service rendered was a determinate cause to constitute the obligation."  Id.  Pursuant to

the Puerto Rico Supreme Court's ruling in <u>Master Concrete</u>, 152 D.P.R. 616, substantial completion of a construction contract qualifies as an exception to article 1053's requirement of a demand for payment triggering default.

The parties stipulated to the dates of substantial completion for each of the three projects. <u>Redondo II</u>, 505 B.R. at 399.  The Court agrees with the Bankruptcy Court that RCC is entitled to prejudgment interest at the rate of 6% accruing from the stipulated dates of substantial completion of each project. Accordingly, the Bankruptcy Court's judgment is **AFFIRMED** in this respect.

**C.   End Date of Prejudgment Interest**

Last, appellant PRHTA contends that the Bankruptcy Court erred in awarding RCC prejudgment interest until the date the principal is paid, rather than the date the judgment was entered. (Docket No. 20 at p. 25.)  The PRHTA argues that while state law governs prejudgment interest, post-judgment interest is a federal statutory matter under the dominion of 28 U.S.C. § 1961 ("Section 1961").  <u>Id.</u> (citing <u>Loft v. Lapidus</u>, 936 F.2d 633, 639 (1st Cir. 1991)).  Because federal postjudgment interest accrues from the date judgment is entered, the PRHTA argues that prejudgment interest should end on or before that date to avoid double charging of interest.  <u>Id.</u>

Civil Nos. 14-1365; 14-1367; 14-1368 (FAB)                    12

Section 1961(a) provides, "Interest shall be allowed on any money judgment in a civil action recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment."  28 U.S.C. § 1961(a).  Because a bankruptcy court is a "unit" of the district court, section 1961(a) applies to bankruptcy court judgments.  Keefe v. Keefe (In re Keefe), 401 B.R. 520, 526 (B.A.P. 1st Cir. 2009).  "Because postjudgment interest is mandated by federal statute, a prevailing party in a bankruptcy court action is automatically entitled to postjudgment interest regardless of whether postjudgment interest is referenced in the pleadings, a court's order or monetary judgment."  Id.  Even in an action otherwise governed by state law, federal law governs postjudgment interest on a federal court judgment.  Cummings v. Standard Register Co., 265 F.3d 56, 68 (1st Cir. 2001).

In its opinion and order imposing judgment, the Bankruptcy Court did not specifically assess postjudgment interest or explain its basis for assessing prejudgment interest for a period extending beyond the judgment and until the payment of the principal.  The PRHTA raised this argument before the Bankruptcy Court in its Rule 59 motion on March 7, 2014.  Redondo Constr. Corp. v. P.R. Highway & Transp. Auth. (In re Redondo Constr. Corp.) ("Redondo III"), 515 B.R. 410, 413-14 (Bankr. D.P.R. 2014). The court rejected the argument, reasoning that prejudgment interest pursuant to article 1061 is "an independent indemnity for

Civil Nos. 14-1365; 14-1367; 14-1368 (FAB)                                    13

damages, by way of penalty, for default in payment." Id. at 414 (quoting Rivera v. Crescioni, 77 D.P.R. 47, 55-56 (1954)). Article 1061, the court noted, "applies until the obligation is no longer in default" and provides "an independent remedy from the post-judgment interests afforded in [section 1961]." Redondo III, 515 B.R. at 414. The Court agrees with the Bankruptcy Court's reasoning, and accordingly **AFFIRMS** the Bankruptcy Court's award of prejudgment interest accruing until the date of payment.

## CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the judgment of the Bankruptcy Court in the underlying adversary cases.

Judgments shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, November 4, 2014.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE